United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10327
Conference Calendar

_____

CLEMISSON J. LUDDINGTON,

Plaintiff-Appellant,

versus

BOARD OF PARDONS AND PAROLES,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:03-CV-250-R
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Clemisson J. Luddington, Texas prisoner # 241638, seeks leave to proceed in forma pauperis ("IFP") in this appeal from the district court's decision dismissing his 42 U.S.C. § 1983 complaint as frivolous. The district court denied Luddington's motion for leave to proceed IFP on appeal and certified that the appeal was not taken in good faith. Luddington challenges the district court's certification decision pursuant to Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997), arguing that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erred by adopting its order of dismissal as the basis for the certification decision rather than stating the reasons in the order denying IFP.

Luddington has not shown that the district court erred in certifying that an appeal would not be taken in good faith. Accordingly, his request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Luddington's complaint as frivolous and this court's dismissal of his appeal each count as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). If Luddington accrues three "strikes," he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.